IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CALEB TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00552 |
| | ) | |
| SUMNER COUNTY JAIL, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Caleb Taylor, a former inmate of the Sumner County Jail in Gallatin, Tennessee,[1] has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) along with an application for leave to proceed in forma pauperis (IFP) (Doc. No. 8).

The case is before the Court for ruling on the IFP application and for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.     Application to Proceed IFP**

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 8) is **GRANTED**.

---

[1]     Plaintiff filed a notice of his release from incarceration shortly after filing his complaint. (Doc. No. 5 at 1–2.)

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a

plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B.     Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**C.     Allegations and Claims**

Plaintiff's complaint is, at best, disjointed. He sues the Sumner County Jail and eight individuals—all of whom appear to be Sumner County employees and jail officials—in their official capacity only. (Doc. No. 1 at 1–2.) Plaintiff first claims that his rights were violated when the Sumner County Jail administration refused to transport him to Jackson, Tennessee for a scheduling conference on February 9, 2018, before U.S. District Judge S. Thomas Anderson of the Western District of Tennessee. (*Id.* at 5–6.) Plaintiff states that the case before Judge Anderson is still pending, and attaches the notice setting the scheduling conference and the order directing the Sumner County Jail to produce Plaintiff on the date of the hearing. (*Id.* at 3, 8–9.)

Attached to the complaint are two notarized statements signed by Plaintiff on June 4, 2018. (*Id.* at 14–16, 17–18.) In the first statement, Plaintiff alleges that he was involved in a fistfight with another inmate in April of 2018, "all because Jail supervision and administration refused to do

3

anything to keep the fight from happening" despite being aware of several non-physical conflicts between the two inmates. (*Id.* at 14–16.)

In the second statement (which begins in mid-sentence), Plaintiff alleges that he was in a dispute with Officer Edwards about whether or not he had received his lunch tray. (*Id.* at 17.) Plaintiff informed Edwards that he was not reporting to his cell for lockdown until he received his lunch tray. (*Id.*) Edwards called for assistance, and Officers Glover, Jackson, Gegery, and Lt. Bobbit responded. (*Id.*) When Plaintiff told Lt. Bobbit what was going on, Bobbit ordered Plaintiff to return to his cell. (*Id.*) Plaintiff told Lt. Bobbit that he would not report to his cell until he got a lunch tray. (*Id.*) Lt. Bobbit then pepper-sprayed Plaintiff three times, "which did not faze [Plaintiff]." (*Id.*) Plaintiff attempted to walk away and was grabbed by Officer Gegery. (*Id.*) Plaintiff "turned quickly, swinging," and Gegery responded by body-slamming Plaintiff to the concrete floor, causing Plaintiff's left shoulder to break. (*Id.*) Officers Gegery and Edwards then put Plaintiff in a restraint chair, where Plaintiff was left for six hours while he complained of shoulder pain, yelled, cursed, and demanded medical treatment. (*Id.*) Thereafter, Officer Greenhodge was told to put Plaintiff back in his cell, but Plaintiff advised Greenhodge that he was not going back to his cell until he received medical treatment. (*Id.*) Greenhodge grabbed Plaintiff by the broken shoulder, causing Plaintiff to quickly swing from his grasp. (*Id.*) Greenhodge then picked Plaintiff up and body-slammed him before forcefully jerking his left arm behind his back and handcuffing him. (*Id.* at 18.) Plaintiff had to wait another two hours before he received medical attention and treatment for his broken shoulder. (*Id.*)

As relief, Plaintiff requests that each Defendant pay him $75,000.00. (*Id.* at 13.)

D.   **Analysis**

With respect to his first two claims, Plaintiff fails to allege any plausible right to relief. The alleged refusal of Sumner County Jail administrators to transport Plaintiff for a scheduling conference appears to be an isolated occurrence that did not affect the pendency of his lawsuit in the Western District. "Interference with the right of access to the courts gives rise to a claim for relief under section 1983," *Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983), but only where the plaintiff "suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff has not alleged that the failure to transport him to the scheduling conference resulted in any remedy being lost in the underlying action. Therefore, he did not sufficiently plead an access-to-court claim. *See id.* at 416.

Plaintiff also fails to state any colorable constitutional claim with regard to the jail administration's failure to prevent his fight with another inmate. Although prison officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail and prison officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id.* at 837–38; *Helling v. McKinney*, 509 U.S. 25, 32 (1993). Here, Plaintiff merely alleges that jail officials were aware that he and the other inmate involved in the fight had "several conflicts" in the weeks preceding the fight, none of which appear to have resulted in physical violence. (Doc. No. 1 at 14–15.) He therefore fails to satisfy the

objective component of a failure-to-protect claim, as his allegations are not sufficient to show that he faced a substantial risk of serious harm which any Defendant failed to heed, or even that he suffered any harm as a result of the fight.

Finally, Plaintiff alleges that he was subjected to excessive force, resulting in a broken shoulder. Objectively, an excessive force claim "requires the pain inflicted to be 'sufficiently serious.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). Plaintiff's broken shoulder clearly would be expected to produce sufficient pain to satisfy the objective component of his excessive force claim. However, the "core judicial inquiry" in Eighth Amendment excessive force claims is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). With regard to this subjective component, it is clear that the officers had a reasonable basis for using some degree of force against Plaintiff, as he admits that he defied their orders and physically resisted their attempts to induce compliance, including by swinging at them after pepper spray proved ineffective against him. *See Cordell*, 759 F.3d at 581–82 (finding "reasonable basis for *some* force" when inmate turned and attempted to face guard who was escorting him down hallway) (emphasis in original).

However, presuming the truth of Plaintiff's allegation that he was "bodyslammed" to the floor twice, and viewing his allegations in the light most favorable to him, the Court at this initial stage cannot find that he fails to plausibly allege that the force used against him was excessive. Nevertheless, for Plaintiff to state a claim upon which relief may be granted, he must assert this claim against a proper defendant. His complaint explicitly names all individual defendants in their

official capacity and not their individual capacity. (Doc. No. 1 at 2.) Other than these individuals, Plaintiff names the Sumner County Jail as a defendant. (*Id.* at 1.)

Plaintiff fails to state a claim against Defendants in their official capacity. His suit against these county officials in their official capacity is effectively a suit against Sumner County, the governmental entity they represent. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). While counties and other municipal defendants are "persons" subject to suit under Section 1983, municipal liability may only be established if the plaintiff's harm is alleged to have been caused by the execution of an official policy or custom of the municipality, rather than simply the misdeeds of municipal employees. *Id.* at 814–15. "A plaintiff seeking to impose liability under § 1983 must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged," such that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Burns v. Robertson Cnty.*, 192 F. Supp. 3d 909, 920 (M.D. Tenn. 2016) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted).

Plaintiff does not allege that any Defendant's actions were in execution of an official policy or custom of Sumner County to body-slam or otherwise use excessive force against unruly inmates, or that any causal link exists between the harms he suffered and any such policy or custom. Accordingly, all official capacity claims must be dismissed for failure to link the alleged harms to a policy or custom of Sumner County.

Finally, Plaintiff cannot maintain any claim against the Sumner County Jail, which is a structure, not a person for purposes of § 1983. *See Tucker v. Salandy*, No. 3:17-CV-00671, 2017 WL 2438401, *2 (M.D. Tenn. June 6, 2017).

### III. Conclusion

For the reasons given above, Plaintiff's application to proceed IFP (Doc. No. 8) is **GRANTED**, and the complaint is **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In spite of this dismissal, Plaintiff is advised that if he wishes to amend his complaint to name a proper defendant, he may seek permission to do so by filing a motion for leave to amend. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Any such motion for leave to amend **MUST** be filed within **thirty (30) days** of the entry of this order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE